FRANCES L. MAHLER, Plaintiff, *v.* CHARLES H. MAHLER and Another, Defendants.

Supreme Court, Special Term, New York County, December 27, 1939.

*Samuel Shapiro,* for the plaintiff.

*Mark C. Holstein,* for the defendant.

PECORA, J. Plaintiff sues to recover damages from her former husband and mother-in-law based upon allegations of fraud and misrepresentation regarding the financial status of the former husband. The ex-husband has not been served in the action, and the defendant Frank has moved to dismiss the complaint. It is not essential to pass upon the question as to whether a wife can sue her spouse for a tort which occurred prior to the enactment of

chapter 699 of the Laws of 1937, amending section 57 of the Domestic Relations Law. The moving party is the mother of the ex-spouse. The complaint alleges that in an action for divorce which plaintiff commenced in Nevada, a decree of divorce was entered on August 4, 1937, which incorporated an agreement between plaintiff and her husband providing for the payment of a lump sum in cash and a monthly allowance of $218 during plaintiff's lifetime. It is further alleged that plaintiff was induced to participate in the action for divorce and to enter into the separation agreement by virtue of misrepresentations made by the defendants as to the husband's financial resources. The validity of the decree of the Nevada court is in no manner attacked in this action. The settlement agreement was incorporated as a part of that decree. Plaintiff cannot, in an action such as this, indirectly challenge the effect of that decree, which is not subject to collateral attack. While that decree remains in effect any party to it cannot in this court attempt to circumvent it by allegations of fraud not going to the jurisdiction of the court which rendered it. If the plaintiff has a remedy she must first have that decree set aside or modified by the court which rendered it. Constitutional provisions of full faith and credit prohibit this court from permitting the plaintiff to do by indirection what she could not do directly. The motion to dismiss is granted. Settle order.